IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL P.T., <br><br>         Petitioner, <br><br>     vs. <br><br> WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, <br><br>         Respondents. | Civil No. 1:26-cv-04181-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 089-840-896 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Uriel P.T.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.

Petitioner is a noncitizen with pending applications for cancellation of removal and adjustment of status.  *Id.* at pg. 5.  After reporting without incident for at least two earlier check-ins with U.S. Immigration and Customs Enforcement, Petitioner was arrested and detained when he reported for a check-in on April 29, 2026.  *Id.*; *see also* Dkt. No. 8, at pg. 13.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. Dkt. No. 1, at pgs. 17–18. This court and many others have granted relief in a variety of similar cases. *See, e.g., Estuardo G.C. v. Warden California City Det. Facility*, No. 1:26-cv-02798-MWJS, 2026 WL 1166841 (E.D. Cal. Apr. 29, 2026); *Brandon A.R. v. Warden of Golden State Annex*, No. 1:26-CV-03004-MWJS, 2026 WL 1139597 (E.D. Cal. Apr. 27, 2026); *Elisbel S.V. v. Chestnut*, No. 1:26-cv-03100-MWJS, 2026 WL 1246405 (E.D. Cal. May 5, 2026); *Yoenis P.P. v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-03596-MWJS, 2026 WL 1481581 (E.D. Cal. May 27, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any material factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents, among other things, to identify "any factual or legal issues in this case that render it distinguishable from each of the cases listed above." Dkt. No. 7. The court appreciates Respondents' timely opposition. Dkt. No. 11.

Although Respondents maintain that Petitioner's detention is lawful, they have not meaningfully distinguished this case from those in which relief has been granted to other petitioners. Respondents point to Petitioner's 2024 misdemeanor DUI conviction,

but they have not offered any persuasive reason why that alone would be a material difference.  As an initial matter, they do not suggest this misdemeanor conviction requires his detention.  And the record does not show that the government ever perceived this incident as altering the assessment that Petitioner was properly maintained on immigration release.  To the contrary, immigration officials encountered Petitioner soon after his arrest for that offense in April 2023, and they released him.  *See* Dkt. No. 8, at pg. 13.  Nor is there any indication in the record that Petitioner's eventual conviction on that misdemeanor, in 2024, played any role in his immigration arrest and detention in April 2026.  In short, nothing in the record suggests that immigration authorities ever pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention.  Indeed, the record does not suggest they have ever asserted that Petitioner is now a danger to the community or a flight risk.[2]  *Cf. Vikrant S. v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026).  And, in any event, the record shows no justification for failing to provide Petitioner with pre-deprivation process, even if there were changed circumstances or an individualized basis that might conceivably support his detention.

---

[2]     Respondents also note that there is no evidence that Petitioner entered the country as an unaccompanied minor.  Dkt. No. 8, at pg. 2.  Even if this is true, Respondents do not dispute that immigration authorities encountered and released Petitioner in 2023.  *Id.* at pg. 13.

Respondents ask the court to resolve the petition on the current briefing and without a hearing, Dkt. No. 8, at pg. 2, and the court will do so.  Given the lack of any material factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED to the extent Petitioner argues that his due process rights have been violated.  Given the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 2, is DENIED as moot.

Respondents are ORDERED to immediately release Petitioner Uriel P.T. (A# 089-840-896) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 4, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-04181-MWJS; *Uriel P.T. v. Warden of the Golden State Annex Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS